## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| CHESTER COURVILLE | * | CIVIL ACTION NO. 10-0431 |
| VERSUS | * | JUDGE DOHERTY |
| HARTZELL PROPELLER, INC. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION
## ON DISMISSAL FOR FAILURE TO COMPLY
## WITH COURT ORDERS

On October 28, 2010, Judge Doherty referred this matter to the undersigned for Report and Recommendation.  For the following reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE**.

## Background

On October 12, 2010, Judge Doherty held a telephone conference in which she issued minutes ordering that plaintiff "obtain new counsel, who shall enroll in this matter within (15) days of this date, or the parties shall notify this Court in writing of their intention to proceed pro se, such writing to be in the hands of this Court within fifteen (15) days of this date." [rec. doc. 60].  She further ordered that "if new counsel is not enrolled with fifteen days of this date, or the plaintiffs have not notified this Court in writing that they intend to proceed pro se within fifteen days of this date, this Court ordered ALL PARTIES – including Mr. Domengeaux

as a friend of the Court – into open court on October 28, 2010 at 10:00 a.m. to discuss why plaintiff has not enrolled new counsel, plaintiff's intentions in this matter, as well as the status of this matter."  The minutes stated in bold that:

**"FAILURE TO APPEAR ON OCTOBER 28, 2010 AT 10:00 A.M. WILL RISK DISMISSAL OF ALL PENDING CLAIMS."**

On October 21, 2010, plaintiff's wife, Mrs. Chester (Connie) Courville, called Judge Doherty's chambers.  Mrs.  Courville notified Judge Doherty's secretary that the Courvilles did not want to proceed with this suit, and instead wanted to proceed only with their attempt to obtain state worker's compensation remedies.   Judge Doherty's secretary informed Mrs. Courville that she still needed to inform the judge in writing of plaintiff's intentions.  The Court never received notice in writing from plaintiff as ordered.

On October 28, 2010, at 10:00 a.m., the undersigned held the hearing in accordance with Judge Doherty's order.  Neither plaintiff or his wife appeared as ordered.

At the hearing, plaintiff's former counsel, James Domengeaux, as a friend of the court, advised that he had sent, by certified mail, return receipt requested, copies of the following documents: Exhibit 1 - letter dated October 12, 2010, from Mr. Domengeaux to Mr. and Mrs. Courville advising of his termination as counsel

of record, and advising them of what had transpired at the telephone conference on October 12, 2010;  Exhibit 2 - letter dated October 18, 2010, from Mr. Domengeaux to Mr. and Mrs. Courville enclosing the Minutes of Telephone Conference dated 10/12/10, and advising Mr. and Mrs. Courville that they must appear on October 28, 2010 at 10:00 unless they got another attorney enrolled or advised the Court in writing that they had decided to proceed *pro se*, and Exhibit 3 - letter from Mr. Domengeaux to Mr. and Mrs. Courville dated October 18, 2010, confirming his conversation with Mrs. Courville, in which she had advised him of her new address, that she and plaintiff did not want to pursue this matter, that settlement would be reached with "workers' compensation," and that she would write Judge Doherty advising her of plaintiff's intentions.  Copies of these certified letters, as well as the return receipts, were filed into the record.  [Exhibits 1-3].

The undersigned held the hearing open until 11:00 a.m. to give the plaintiff an opportunity to appear.  However, plaintiff failed to appear.

## Analysis

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

**(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with

regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The penalties set forth under Rule 37(b)(2) are as follows:

**(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

**(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party;

**(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(emphasis added).  Fed. R. Civ. P. 37(b)(2).

Here, Judge Doherty ordered that the plaintiff enroll new counsel or notify the Court *in writing* of his intention to proceed *pro se* within fifteen days of October 12, 2010.  [emphasis added].  Plaintiff's former attorney, James Domengeaux, advised plaintiff and his wife of the implications of this order by letters and by telephone. After plaintiff's wife contacted the Court, Judge Doherty's secretary reiterated that plaintiff would have to inform the Court of his intention in writing.  Neither plaintiff

4

nor his wife appeared at the hearing set for October 28, 2010.  Based on the plaintiff's repeated failures to comply with the Court's orders, the undersigned recommends that the complaint be dismissed without prejudice.

<u>Conclusion</u>

Based on the foregoing reasons, the undersigned recommends that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL**

---

[1]At the hearing, defendants, Hartzell Propeller, Inc., R K R Technologies, Ltd., and Air Tractor, Inc., orally objected to a dismissal of this case without prejudice.  The undersigned overruled these objections.

**BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 29th day of October, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6