RECEIVED
NOV 2 2 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHESTER COURVILLE | CIVIL ACTION NO. 10-0431 |
| VERSUS | JUDGE DOHERTY |
| LFC INDUSTRIES, INC., ET AL. | MAGISTRATE JUDGE HILL |

## **MEMORANDUM RULING**

Pending before this Court is the Report and Recommendation of the magistrate judge [Doc. 63] recommending dismissal of the above-captioned matter for failure of the plaintiff to comply with court orders. Defendants RKR Technologies, Ltd., Hartzell Properties, Inc., and Frost Flying, Inc. ("defendants") have filed "limited objections," wherein they object only to this Court's dismissal of the instant matter *without prejudice*. The foregoing defendants argue the dismissal should be with prejudice. For the following reasons, the recommendation of the magistrate judge is AFFIRMED in its entirety.

The defendants argue the instant matter should be dismissed with prejudice because the plaintiff has made the purposeful decision to abandon his claim. Additionally, defendants argue they cannot "close their files," because the plaintiff could elect to re-file the matter at a later date, which is prejudicial to them in light of the plaintiff's abandonment of his claims.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992), *citing Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985). Thus, the Fifth Circuit has limited the district court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191, *citing Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.

1986); *Callip,* 757 F.2d at 1519. The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191, *citing Callip,* 757 F.2d at 1519-21; *McGlathery,* 792 F.2d at 474; *Boudwin,* 756 F.2d at 401; *Morris,* 730 F.2d at 252. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery,* 792 F.2d at 474; *see also Callip,* 757 F.2d at 1529.

The Fifth Circuit has also noted where a plaintiff has failed only to comply with a few court orders or rules, it has held the district court abused its discretion in dismissing the suit with prejudice. *See, e.g., Morris v. Ocean Systems,* 730 F.2d 248, 252 (5th Cir.1984) (no clear record of delay or contumacious conduct where counsel failed twice to comply with court-imposed deadlines requiring counsel to notify court of plaintiff's rejection of settlement offers), *Burden v. Yates,* 644 F.2d 503, 504-05 (5th Cir.1981) (no clear record of delay or contumacious conduct where counsel failed to file three documents on time); *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556-58 (5th Cir.1981) (no clear record of delay or contumacious conduct where counsel failed to comply with scheduling and other pretrial orders); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 384-85 (5th Cir.1978) (no clear record of delay or contumacious conduct where counsel failed to answer interrogatories, failed to confer with defendant on pretrial order, and failed to appear at a pretrial conference).

However, on the other hand, where a plaintiff has failed to comply with several court orders or court rules, the Fifth Circuit has held the district court did not abuse its discretion in involuntarily dismissing the plaintiff's suit with prejudice. *See, e.g., Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir.1986) (clear record of delay and contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with the district court's order); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1515-17, 1521 (5th Cir.1985) (clear record of delay or contumacious conduct where counsel failed to comply with nine deadlines imposed by the rules of procedure or by orders of the court).

In the instant case, the plaintiff has failed to comply with only two court orders, that is, the order to notify the Court whether he will enroll new counsel or proceed *pro se*, and the order to appear in court to show cause if, in fact, the plaintiff did not or could not comply with the first order. Thus, the Court concludes there is no clear record of delay or contumacious conduct by the plaintiff in this case. Although the plaintiff has, indeed informally, expressed a desire not to prosecute the current litigation, this Court has some concerns about the circumstances surrounding that decision. Additionally, the instant dismissal is this Court's first sanction of the plaintiff, therefore, lesser sanctions have not been attempted and proved futile.

Considering all of the circumstances in the instant case, this Court concludes the factors warranting a dismissal with prejudice do not exist in this case. Therefore, the defendants' objections are OVERRULED, and the Report and Recommendation of the magistrate judge is ADOPTED and AFFIRMED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22 day of November 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE